```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  WILLIAM L. SCOTT,              )   CV-13-03927-RSWL-SH
                                   )
12             Plaintiff,          )
                                   )   Order re: Plaintiff's
13       vs.                       )   Motion to Reconsider,
                                   )   Vacate Judgment, and
14                                 )   Demand a Jury Trial [47]
                                   )
15  PATRICK DONAHOE, Postmaster    )
    General, United States         )
16  Postal Service, UNITED         )
    STATES OF AMERICA,             )
17                                 )
                                   )
18             Defendants.         )
                                   )
19  _____ )
```

20     Before the Court is *pro se* Plaintiff William L.
21 Scott's ("Plaintiff") Motion to Reconsider, Vacate
22 Judgment, and Demand a Jury Trial [47] ("Motion")
23 pursuant to Rule 59(e) and Rule 60(b) of the Federal
24 Rules of Civil Procedure.  Plaintiff requests that the
25 Court reconsider its August 21, 2014, Order [40]
26 granting Defendants' Motion for Judgment on the
27 Pleadings.  Pl.'s Mot. ("Mot.") 1:1-26.  Plaintiff also
28 requests the Court to vacate the judgments in prior

                                1

actions and to order new jury trials so that Plaintiff may re-litigate his claims. Id. at 1:1-26, 18:5-20; Reply 20:16-21:14.

The Court, having reviewed all papers submitted and pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS**: The Court **DENIES** Plaintiff's Motion [47].

## I. BACKGROUND

**A.  Factual Background**[1]

Plaintiff initiated this Action on May 31, 2013, asserting claims of employment and disability discrimination against the United States of America and Patrick Donahoe, Postmaster General of the United States Postal Service ("USPS") (collectively, "Defendants").  First Amended Compl. ¶ 1, ECF No. 10; Nov. 14, 2013 Order, ECF No. 18.  Specifically, Plaintiff alleged that Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.  Id. ¶ 1.

This Action "is at least Plaintiff's seventh attempt to bring employment or disability discrimination claims against the USPS," with Plaintiff's first of such actions filed in 1992.  Aug. 21, 2014 Order re: Granting Mot. for J. on Pleadings ("Order") 5:16-18, ECF No. 40; id. at 5:19-7:26 (discussing prior related actions).  Judgment has been

---

[1] A more extensive factual background of this Action is provided in the Court's previous August 21, 2014 Order [40].

entered against Plaintiff in every prior action against USPS-related defendants save for one action that settled without a decision on the merits. Id. at 5:19-7:26.

In 2009, Plaintiff filed the first of a series of three cases[2] asserting violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. ("Rehabilitation Act"). In "Scott I," the district court ruled on the merits and granted summary judgment for the defendant. Order 7:1-26. In "Scott II/III" ("Scott II" and "Scott III" were consolidated), the district court granted summary judgment in the defendants's favor based on res judicata. Id. The judgment in Scott II/III was affirmed by the Ninth Circuit in 2013. Id.

In this Court's August 21, 2014 Order granting Defendants' Motion for Judgment on the Pleadings, the Court dismissed with prejudice Plaintiff's ADA claims because the ADA precludes ADA suits against the United States and its agencies, thereby precluding Plaintiff's ADA claims against Defendants. Order 9:3-28, ECF No. 40. Plaintiff's remaining Rehabilitation Act claims were dismissed with prejudice on the basis of res judicata, resulting in Plaintiff's entire Action being dismissed with prejudice. Id. at 10:1-18:15.

---

[2] William L. Scott v. John E. Potter, No. CV 09-04273 RGK (FMOx) (C.D. Cal. 2010) ("Scott I"); William L. Scott v. John E. Potter, No. CV 09-6496 RGK (FMOx) (C.D. Cal. 2011) ("Scott II"); William L. Scott v. John E. Potter, No. CV 09-8702 RGK (FMOx) (C.D. Cal. 2011) ("Scott III") (consolidated with "Scott II" on November 4, 2010, see Dckt. # 30).

3

**B.   Procedural Background**

Plaintiff initiated this Action on May 31, 2013 [1]. On August 21, 2014, the Court granted [40] Defendants' Motion for Judgment on the Pleadings [34] and dismissed this Action with prejudice. Order 19:18-20. On October 6, 2014, Plaintiff filed the present Motion [47]. Defendants filed their Opposition to Plaintiff's Motion on November 3, 2014 [50]. Plaintiff filed his Reply on November 14, 2014 [51]. The hearing for Plaintiff's Motion was set for November 25, 2014 [48], and was taken under submission on November 21, 2014 [52].

## II. LEGAL STANDARD

Plaintiff moves pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Mot. 1:20-21.

Rule 59(e) permits a court to alter or amend a judgment previously entered upon motion of a party made within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e).

Rule 60(b) permits a court to, "on motion and just terms," "relieve a party . . . from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

```
      Rule 59(b);
      (3) fraud (whether previously called intrinsic
      or extrinsic), misrepresentation, or misconduct
      by an opposing party;
      (4) the judgment is void;
      (5) the judgment has been satisfied, released or
      discharged; it is based on an earlier judgment
      that has been reversed or vacated; or applying
      it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b)(1)-(6).
      In the Central District of California, Local Rule
7-18 limits the grounds on which a "motion for
reconsideration of the *decision on any motion* may be
made." Cent. Dist. Cal. L.R. 7-18 (emphasis added).
The only grounds upon which a movant may request
reconsideration of a decision made on a motion are as
follows:
      (a) a material difference in fact or law from that
      presented to the Court before such decision that in
      the exercise of reasonable diligence could not have
      been known to the party moving for reconsideration
      at the time of such decision, or
      (b) the emergence of new material facts or a change
      of law occurring after the time of such decision,
      or
      (c) a manifest showing of a failure to consider
      material facts presented to the Court before such
```

1     decision."
2 Cent. Dist. Cal. L.R. 7-18.

### III. ANALYSIS

**A.   Rule 59(e)**

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment previously entered upon motion of a party made within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff filed the present Motion more than twenty-eight days after entry of the Court's Order granting Defendants' Motion for Judgment on the Pleadings ("Order"). See Dckt. ## 47, 50. However, pursuant to both Local Rule 58-6 and Federal Rule of Civil Procedure 58, the Court's Order on August 21, 2014, was not an "entry of the judgment." Cent. Dist. Cal. L.R. 58-6; Fed. R. Civ. P. 58(a).

Rule 58(a) of the Federal Rules of Civil Procedure requires that "[e]very judgment . . . be set out in a separate document," with some exceptions not applicable here. Fed. R. Civ. P. 58(a). In this Action, no separate Judgment was or has been filed. However, pursuant to Rule 58(c)(2)(B), Judgment in this Action was entered as a matter of law 150 days after the filing of the Court's Order. Fed. R. Civ. P. 58(c)(2)(B); see Gillon v. Bureau of Prisons, 393 F. App'x 550, 552 (10th Cir. 2010) (stating that when "the district court granted the defendants' motion to dismiss . . . and directed the Clerk of Court to close

6

the case," but when "judgment was never entered on a separate document," "the judgment was deemed entered 150 days after" the date of the order granting the defendants' motion to dismiss). Because the Court's Order dismissing this Action with prejudice was filed August 21, 2014, Judgment issued as a matter of law on January 19, 2015, 150 days after August 21, 2014. See Fed. R. Civ. P. 58(c)(2)(B).

Plaintiff filed the present Motion on October 6, 2014, before the January 19, 2015 date on which Judgment in this Action issued as a matter of law. Because a Rule 58(e) motion must be filed "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), Plaintiff's Motion was timely filed. Fed. R. Civ. P. 58(e); see Dunn v. Truck World, Inc., 929 F.2d 311, 312-313 (7th Cir. 1991); Weldon v. Ramstad-Hvass, 512 F. App'x 783, 787 n.2 (10th Cir. 2013).

Though Plaintiff's Motion was timely filed, Plaintiff cannot prevail under Rule 59(e). The basis of Plaintiff's request for reconsideration under Rule 59(e) is an allegation that Defendants "perpetrat[ed] a fraud upon the Judicial system." Mot. 1:24-26. Plaintiff alleges Defendants fraudulently obtained the decision on the merits in Scott I by submitting as evidence sworn, perjured witness declarations, by making false statements to the court, and by concealing a Postal Service Law Department's advisory. Reply

1  4:24-8:19; Mot. 1:24-4:2.  Plaintiff asserts that a
2  final decision based on res judicata should be
3  reconsidered and vacated when the final judgment on the
4  merits in the prior action was obtained by fraud.
5  Reply 5:5-13.  Plaintiff argues that "[i]t would defile
6  the equitable foundations of the doctrine of *res*
7  *judicata* to suggest that a fraudulently obtained
8  judgment must be entitled to preclusive effect in the
9  very court where the fraud was perpetrated . . . ."
10 Id. at 5:5-13.
11     The Ninth Circuit requires that a Rule 59(e) motion
12 be granted only if "(1) the district court is presented
13 with newly discovered evidence, (2) the district court
14 committed clear error or made an initial decision that
15 was manifestly unjust, or (3) there is an intervening
16 change in controlling law."  Zimmerman v. City of
17 Oakland, 255 F.3d 734, 740 (9th Cir. 2001).
18     Plaintiff does not assert a change in law or that
19 the court committed clear error.  Plaintiff cannot
20 assert "newly discovered evidence," as Plaintiff admits
21 that he is not asserting newly discovered evidence and
22 that he was aware of the evidence asserted in his
23 Motion prior to the commencement of this Action.  Reply
24 7:9-14; Mot. 4:8-10.
25     Plaintiff's allegations of fraud on the court could
26 be construed as an argument that the Court's "initial
27 decision . . . was manifestly unjust": Plaintiff argues
28 that because the judgment in Scott I was obtained by

8

fraud, the Court's reliance on res judicata to dismiss this Action with prejudice was unjust. Reply 4:24-6:7.

But a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" G & G Closed Circuit Events LLC v. Govan, No. C 13-05488 SI, 2014 WL 3670176, at *1 (N.D. Cal. July 23, 2014) (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 484 n.5 (2008)); accord Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). The evidence and arguments asserted by Plaintiff in his Motion could have been raised prior to the Court's final decision in this Action, and even prior to the final judgment in Scott II/III.[3]

Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enters., 229 F.3d at 890. Plaintiff's Motion asks the Court to disrupt the finality of not only this Action, but three prior actions on the basis of evidence that could have

---

[3] Plaintiff was aware of the evidence asserted in his Motion in November 2010. Mot. 4:8-10; Reply 7:9-14. The Order predicating the final judgment in Scott II/III was entered on February 8, 2011. Order re: Defendant John Potters' Motion for Summary Judgment, William L. Scott v. John E. Potter, No. CV 09-6496 RGK (FMOx) (C.D. Cal. Feb. 8, 2011), ECF No. 71. Plaintiff initiated this Action on May 31, 2013. Dckt. # 1.

9

been raised prior to this Action's final decision. As such, the Court **DENIES** Plaintiff's Motion for reconsideration of the Court's Order pursuant to Rule 59(e).[4]

**B.   Rule 60(b)**

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for enumerated reasons, including "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  Here, Plaintiff argues that the final judgment on the merits in Scott I was obtained by fraud and thus the final decisions in Scott II/III and in this Action, which were based on res judicata, should be vacated.  Reply 4:24-6:7.

To prevail under a Rule 60(b)(3) argument, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).  Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Id.

Plaintiff asserts that Defendants' counsel made

---

[4] Plaintiff also fails to satisfy the requirements of Local Rule 7-18, which limits the grounds upon which a movant may request reconsideration of a decision made on a motion.  Cent. Dist. Cal. L.R. 7-18.

10

false statements to the court, but does not specify the content of the false statements or when those false statements occurred. Reply 17:1-19:4. Such allegations fall well below "clear and convincing evidence."

Plaintiff also asserts that Defendants concealed from the court in Scott I[5] a Postal Service Law Department advisory ("PSLD advisory"), which allegedly stated that some actions the USPS took against Plaintiff were "not correct." Mot. 4:2-3. But mere non-disclosure of evidence by a civil defendant cannot, by itself, justify relief from a final decision under Rule 60(b)(3).[6] See, e.g., Vela v. L.A. Cnty. Sheriff's Dep't, No. CV 09–2055 ODW (FMOx), 2011 WL 2462675, at *2 (C.D. Cal. June 20, 2011) (considering a Rule 60(b)(3) argument and stating that "[e]ven if Defendants were aware of the details of this particular . . . report, the Court cannot agree that a failure to

---

[5] Defendants allege that Plaintiff cannot use this Motion to vacate the judgments in Scott I and Scott II/III. Opp'n 3:18-27. It seems clear that a movant cannot use a Rule 60 motion filed in one action to vacate judgments in other actions, but it is unclear whether a movant can seek to vacate a final decision based on res judicata when the prior action on the merits, upon which the res judicata decision is based, was obtained by fraud. The point is moot here because Plaintiff could have previously argued in all of the prior Scott cases that judgment on the merits in Scott I was obtained by fraud, and Plaintiff cannot re-litigate matters that could have been previously litigated.

[6] Cf. Appling v. St. Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003) (in the context of an independent action for "fraud upon the court," the Ninth Circuit held that non-disclosure, by itself, does not amount to fraud on the court).

11

disclose such information amounts to fraud as Plaintiff argues"). The movant must show that such nondisclosure "prevented the losing party from fully and fairly presenting the defense." De Saracho, 206 F.3d at 880.

Plaintiff's knowledge of the PSLD advisory by November 2010 precludes a showing that Defendants' alleged nondisclosure prevented Plaintiff from "fully and fairly presenting the defense," as Plaintiff could have asserted this evidence in a Rule 60 motion as far back as Scott I[7] and certainly could have asserted the PSLD advisory evidence from the very start of this Action.

Finally, Plaintiff alleges that Defendants submitted as evidence a perjured sworn declaration of USPS-employee Tyrone Williams, and that the court in Scott I relied on Williams' allegedly false testimony in its final judgment on the merits. Motion 2:8-11; Reply 7:9-9:21. Plaintiff fails to provide any evidence showing that Williams' testimony was actually false, but, rather, merely disputes Williams' testimony. A dispute of fact is not "fraud" or misrepresentation; if a mere dispute of fact could trigger relief under Rule 60(b)(3), nearly every action would be vulnerable to re-litigation under Rule 60(b)(3).

---

[7] The final judgment in Scott I was issued in July 2010, and Plaintiff was aware of the advisory in November 2010. Plaintiff had up to July 2011 to file a Rule 60(b)(3) motion in Scott I. Fed. R. Civ. P. 60(c)(1).

Further, Plaintiff cannot show that Defendants' use of Williams' declaration prevented Plaintiff from "fully and fairly presenting the defense." De Saracho, 206 F.3d at 880. Plaintiff not only had the opportunity to dispute Williams' declaration as far back as Scott I, but *did* in fact dispute Williams' declaration in Scott I. See Pl.'s Opp'n to Def.'s Mot. Summ. J., William L. Scott v. John E. Potter ("Scott I"), No. CV 09-04273 RGK (FMOx), Dckt. # 25, at *3:18-27 (C.D. Cal. June 7, 2010).

As discussed above, Plaintiff had every opportunity to raise the arguments and evidence made in his present Motion prior to the final decisions in this Action, as well as prior to the final judgment in the consolidated Scott II/III action. Plaintiff even could have filed a Rule 60 motion in Scott I. As such, the Court **DENIES** Plaintiff's Motion requesting relief pursuant to Rule 60(b).

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Reconsider, Vacate Judgment, and Demand a Jury Trial [47].

**IT IS SO ORDERED.**

DATED: February 10, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge